| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| BURKE, WILLIAMS & SORENSEN, LLP<br>Richard J. Reynolds (SBN 89911)<br>Rafael R. Garcia-Salgado (SBN 283230)<br>1851 E. First Street, Suite 1550<br>Santa Ana, CA  92705<br>Tel:  949-863-3363<br>Fax: 949-863-3605<br><br>☒ *Movant appearing without an attorney*<br>☐ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Ginette Damusca | CASE NO.: 2:17-bk-19902-VZ<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| Debtor(s). | DATE: 06/05/18<br>TIME: 9:30 a.m.<br>COURTROOM: 1368 |

**Movant:**
Trinity Financial Services, LLC

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367  ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 .RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1 (d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____ ; and, you may appear at the hearing.

a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

b   ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.


Date:  05/11/18

BURKE, WILLIAMS & SORENSEN, LLP
Printed name of law firm (if applicable)

Printed name of individual Movant or attorney for Movant


Rafael R. Garcia-Salgado
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 2                          F 4001-1.RFS.RP.MOTION

American LegalNet, Inc.
www.FormsWorkFlow.com

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other *(specify)*:

2. **The Property at Issue (Property):**

   a. Address:

   *Street address:* 3512 Floresta Avenue
   *Unit/suite number*:
   *City, state, zip code*: Los Angeles, CA  90043

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  2 ):  06-2156026 Los Angeles County

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐  involuntary bankruptcy petition under chapter    ☐ *7*  ☐ 11  ☐ 12  ☒ 13
   was filed on *(date)* 08/11/17     .

   b. ☐ An order to convert this case to chapter    ☐ *7*  ☐ 11  ☐ 12  ☐ 13  was entered on *(date)*   _____ .

   c. ☐ A plan, if any, was confirmed on *(date)*   _____ .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

      (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other *(see attached continuation page)*.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 3                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

(3) ☒  *(Chapter 12 or 13 cases only)*

    (A) ☐  All payments on account of the Property are being made through the plan.
       ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒  Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐  The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐  The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☐  For other cause for relief from stay, see attached continuation page.

b. ☒  Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐  Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐  Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐  Multiple bankruptcy cases affecting the Property.

**5.** ☐  **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐  These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐  Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐  Other *(specify):*


**6.** **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐  Supplemental declaration(s).

c. ☒  The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit 4.

d. ☐  Other:


**7.** ☐  **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                          Page 4                              **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2.  ☒  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐  Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐  Confirmation that there is no stay in effect.

5.  ☐  The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☒  The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☐  Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐  Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒  If relief from stay is not granted, adequate protection shall be ordered.

14. ☐  See attached continuation page for other relief requested.

Date:  05/11/18

BURKE, WILLIAMS & SORENSEN, LLP
_____
Printed name of law firm *(if applicable)*

*Rafael Garcia*
_____
Printed name of individual Movant or attorney for Movant

Rafael R. Garcia-Salgado
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                    Page 5                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

# REAL PROPERTY DECLARATION

I, *(print name of Declarant)* Don A. Madden, III                                                                                    , declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because *(specify)*:

    a.  ☐  I am the Movant.

    b.  ☒  I am employed by Movant as *(state title and capacity)*:
        President

    c.  ☐  Other *(specify)*:

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other *(see attached)*:

3.  The Movant is:

    a.  ☒  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit  1 .

    b.  ☒  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g. ,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit  2 & 3 .

    c.  ☐  Servicing agent authorized to act on behalf of the:
        ☐  Holder.
        ☐  Beneficiary.

    d.  ☐  Other *(specify)*:

4.  a.  The address of the Property is:

        *Street address:* 3512 Floresta Avenue
        *Unit/suite no.:*
        *City, state, zip code:* Los Angeles, CA  90043

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
        LOT 575 OF TRACT NO. 5535, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGES 9 AND 10 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY.
        A.P.N.: 5013-006-003

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                                  Page 6                                            **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

5. Type of property *(check all applicable boxes):*

   a. ☒ Debtor's principal residence          b. ☐ Other residence
   c. ☐ Multi-unit residential                d. ☐ Commercial
   e. ☐ Industrial                            f. ☐ Vacant land
   g. ☐ Other *(specify):*

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) *(specify):* Jack Damusca and Ginette Damusca, Husband and Wife as Joint Tenants

   c. ☐ Lienholder *(specify):*

   d. ☐ Other *(specify):*

   e ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

   f ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.
      The deed was recorded on *(date)* _____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)* _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _2_.

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _1_.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _3_.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 40,671.34 | $ | $ 40,671.34 |
| b. | Accrued interest: | $ 18,704.58 | $ 2,402.15 | $ 21,106.73 |
| c. | Late charges | $ | $ 208.44 | $ 208.44 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 6,612.19 | $ | $ 6,612.19 |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of *(date):* 04/25/18 | $ 65,988.11 | $ 2,610.59 | $ 68,598.70 |

   h. ☐ Loan is all due and payable because it matured on *(date)* _____

9. Status of Movant's foreclosure actions relating to the Property *(fill the date or check the box confirming no such action
   has occurred):*

   a. Notice of default recorded on *(date)* 3/08/17 _____ or ☐ none recorded.

   b. Notice of sale recorded on *(date)* 7/19/17 _____ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for *(date)* 8/14/17 _____ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for *(date)* 5/17/18 _____ or ☐ none scheduled.

   e. Foreclosure sale already held on *(date)* _____ or ☐ none held.

   f. Trustee's deed upon sale already recorded on *(date)* _____ or ☐ none recorded.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 7                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

10. Attached *(optional)* as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ *(chapter 7 and 11 cases only)* Status of Movant's loan:

a. Amount of current monthly payment as of the date of this declaration: $ _____ for the month of _____ 20__.

b. Number of payments that have come due and were not made: _____. Total amount: $ _____

c. Future payments due by time of anticipated hearing date *(if applicable)*:

An additional payment of $ _____ will come due on *(date)* _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $ _____ will be charged to the loan.

d. The fair market value of the Property is $ _____, established by:

(1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

(3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

(4) ☐ Other *(specify)*:

e. **Calculation of equity/equity cushion in Property:**

Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

(1) ☐ Preliminary title report.

(2) ☐ Relevant portions of the Debtor's schedules.

(3) ☐ Other *(specify)*:

g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ _____ and is _____% of the fair market value of the Property.

h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ _____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                         Page 8                                    **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

i.  ☐ Estimated costs of sale: $ _____ (estimate based upon _____ % of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:


12. ☒ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: 09/13/17 _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 01/07/19 _____.
A plan was confirmed on the following date *(if applicable)*: _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 9 | | $ 490.20 | $ 4,411.76 |
| | 9 | $ 23.16 | $ 208.44 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                     $ 0.00
*(For details of type and amount, see Exhibit _____ )*

e. Attorneys' fees and costs:                                                $ 0.00
*(For details of type and amount, see Exhibit _____ )*

f. Less suspense account or partial paid balance:                    $[ 0.00                        ]

TOTAL POSTPETITION DELINQUENCY:          $ 4,620.20

g. Future payments due by time of anticipated hearing date *(if applicable)*: 1 _____.
An additional payment of $ 490.20 _____ will come due on 05/21/18 ____, and on
the 21st day of each month thereafter. If the payment is not received by the 6th day of the following month, a late charge of $ 23.16 _____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____
$ _____ received on *(date)* _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001.DEC.AGENT. TRUSTEE).*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 9                              F 4001-1.RFS.RP.MOTION
American LegalNet, Inc.
www.FormsWorkFlow.com

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on *(date)* _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other *(specify)*:

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:

      1. Case name: _____
         Chapter: _____   Case number: _____
         Date dismissed: _____   Date discharged: _____   Date filed: _____
         Relief from stay regarding the Property ☐ was   ☐ was not granted.

      2. Case name: _____
         Chapter: _____   Case number: _____
         Date dismissed: _____   Date discharged: _____   Date filed: _____
         Relief from stay regarding the Property ☐ was   ☐ was not granted.

      3. Case name: _____
         Chapter: _____   Case number: _____
         Date dismissed: _____   Date discharged: _____   Date filed: _____
         Relief from stay regarding the Property ☐ was   ☐ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 10                          **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05-10-18 | Don A madden, III | |
| *Date* | *Printed name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 11                          **F 4001-1.RFS.RP.MOTION**

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit 1

Loan No: REDACTED                                                    REDACTED

# HOME EQUITY LINE OF CREDIT AGREEMENT
## AND DISCLOSURE STATEMENT
### Interest Only

MIN: REDACTED

SEPTEMBER 21, 2006                VAN NUYS            CALIFORNIA
[Date]                           [Title City]         [Title State]

3512 FLORESTA AVENUE, LOS ANGELES AREA, CALIFORNIA 90043
[Property Address]

| | | | |
|---|---|---|---|
| **Credit Limit** | $ 46,800.00 | **Draw Period** | 120 Months |
| **Initial Advance** | $ 46,800.00 | **Repayment Period** | 120 Months |
| **Minimum Advance** | $ 100.00 | **Minimum Balance** | $0.00 |
| **Margin** | 3.625 % | | |
| **Initial ANNUAL PERCENTAGE RATE** | 11.875 % | | |

- **Other FINANCE CHARGES (due at closing)**

| | | |
|---|---|---|
| Loan Origination Fee | $ | |
| Loan Discount Fee | $ | |
| Underwriting Fee | $ | 395.00 |
| Other PROCESSING FEE | $ | 395.00 |
| Other | $ | |
| Other | $ | |
| Other | $ | |
| Other | $ | |
| Other | $ | |
| Other | $ | |

- **Other Loan Fees and Charges (due at closing)**

| | | | | |
|---|---|---|---|---|
| Appraisal | $ | | | |
| Other TITLE FEE | $ | 200.00 | | |
| Other | $ | | | |
| Other | $ | | | |
| Other | $ | | **(due when incurred)** | |
| Other | $ | | Stop Payment Charge | $ | 15.00 |
| Other | $ | | Returned Check Charge | $ | 15.00 |
| Other | $ | | Withdrawal Over Line Charge | $ | .00 |

☐ **Discounted Initial Rate; Fixed for 3 Months.** The initial Daily Periodic Rate (as defined in Section 5 below) is _____ % ("Initial Daily Periodic Rate"), **which corresponds to the Initial ANNUAL PERCENTAGE RATE indicated above.** The Initial Daily Periodic Rate is fixed and will be effective until ("Discount Period"). After this date and in accordance with Section 5 below, the **ANNUAL PERCENTAGE RATE** may change and will be determined by adding the Margin described above to the Index (as defined in Section 1 below). During the Discount Period the Daily Periodic Rate and corresponding **ANNUAL PERCENTAGE RATE** will not be based on the calculation used to determine later adjustments to the Daily Periodic Rate and corresponding **ANNUAL PERCENTAGE RATE**. Had they been so based, the Initial Daily Periodic Rate would have been _____ % and the corresponding Initial **ANNUAL PERCENTAGE RATE** would have been _____ %.

☒ **Initial Rate Not Discounted.** The Daily Periodic Rate is 0.03253 %, **which corresponds to the Initial ANNUAL PERCENTAGE RATE indicated above.** The **ANNUAL PERCENTAGE RATE** may change and will be determined by adding the Margin described above to the Index (as defined in Section 1 below).

1. **DEFINITIONS:**
   (A) **"Agreement"** means this document.
   (B) **"You"** or **"Your"** is JACK DAMUSCA

   Your address is 3512 FLORESTA AVENUE, LOS ANGELES AREA, CALIFORNIA 90043

   (C) **"Lender"** is PLATINUM CAPITAL GROUP
   Lender's address is 17101 ARMSTRONG AVENUE SUITE 200, IRVINE, CALIFORNIA 92614
   If Lender is licensed under the California Finance Lenders Law, Lender's license number is _____
   (D) **"Holder"** is Lender or any person or entity who takes this Agreement by transfer and is entitled to receive payments under this Agreement.
   (E) **"Account"** means your home equity line of credit account with Holder.
   (F) **"Loan"** or **"Loans"** means any money advanced to you by Holder when you access the Account.

CALIFORNIA HELOC Agreement - I/O Draw Repay
Residential Funding Corporation
© 2005 Middleberg, Riddle & Gianna
Form Filled Using **DocMagic ®**
800-649-1362   www.docmagic.com
6/05   *(Page 1 of 7 Pages)*
CALOCRIOA
For Office Use Only: Review Code

Loan No: REDACTED

(G) **"Credit Limit"** means the maximum aggregate amount of principal of the Loans that Holder will allow you to owe under this Agreement, unless otherwise agreed. **The Credit Limit is indicated above.**

(H) **"Account Balance"** means the total of the unpaid principal of the Loans, plus earned but unpaid **FINANCE CHARGES**, fees, and credit insurance premiums.

(I) **"Minimum Balance"** means the minimum amount of principal of all Loans that you must maintain under the Account. **The Minimum Balance is indicated above.**

(J) **"Initial Advance"** means the amount of the Loan that you must accept to open the Account. **The Initial Advance is indicated above.**

(K) **"Minimum Advance"** means the minimum amount of a Loan that you must request by any means other than the credit card or cards that Holder furnishes to you to make purchases or receive advances, if any ("Credit Card"). **The Minimum Advance is indicated on page 1 above.**

(L) **"Draw Period"** means the period of time during which you may request Loans and must make payments on your Account Balance. **The Draw Period is indicated on page 1 above.**

(M) **"Repayment Period"** means the period of time beginning at the end of the Draw Period during which you no longer may request Loans and must repay the Account Balance. **The Repayment Period is indicated on page 1 above.**

(N) **"Billing Statement"** means a statement furnished by Holder each Billing Cycle (as defined in subsection (O) below) that shows, among other things, Loans, **FINANCE CHARGES**, other charges, payments made, other credits, the previous Account Balance, the current Account Balance, and the required payment for the Account during the Billing Cycle.

(O) **"Billing Cycle"** means the regular period or interval between the days or dates of the Billing Statements during which **FINANCE CHARGES** accrue and that will be used to determine the amount of your payment and when your payment is due. The Billing Cycle is **monthly.**

(P) **"Index"** means the highest base rate on corporate loans at large U.S. money center commercial banks that "The Wall Street Journal" publishes as the prime rate.

## 2. OPENING YOUR ACCOUNT

The Account will be opened when you have signed and delivered in acceptable form all documents considered necessary by Holder and Holder makes the Initial Advance to you. Each of you who signs this Agreement is jointly and individually obligated to keep all of the promises made in this Agreement, and, as such, Holder may require any of you to pay all amounts due under this Agreement. Each of you agrees not to give Holder conflicting instructions under this Agreement.

## 3. ACCESSING YOUR ACCOUNT

You may access the Account after any right you have to cancel this Agreement expires and all of Holder's conditions have been met. You may access the Account initially only for an amount equal to the Initial Advance. Thereafter, you may access the Account only for an amount equal to or greater than the Minimum Advance; the foregoing Minimum Advance requirement does not apply when you access the Account using a Credit Card. Holder at Holder's option may without obligation make a Loan in an amount that is less than the Minimum Advance; by doing so, however, Holder does not waive the right to later refuse to make such a Loan.

You may access the Account by: (a) using a Credit Card, if permitted and not cancelled by Holder, subject to Holder's terms specified from time to time; (b) writing a check using one of the checks that Holder furnishes to you ("Checks"); (c) authorizing Holder to pay a third party or account; or (d) any other method acceptable to Holder. Each of you who signs this Agreement may access the Account jointly or individually, and Holder may rely on instructions from any one of you with regard to this Agreement.

You may not use any Loan provided by Holder to make payments on the Account. In addition, Holder reserves the right not to honor a Check under the following circumstances: (a) the Check is post-dated (if a post-dated Check is paid and as a result any other Check is returned, Holder will not be responsible); (b) a Check or Checks have been reported lost or stolen; (c) the Check is not signed by one of you; or (d) the Account has been terminated or suspended as provided in this Agreement or may be so terminated or suspended if Holder pays the Check. Dishonor of a Check by Holder for any reason provided in this Agreement will not constitute wrongful dishonor. Holder's liability otherwise for wrongful dishonor, if any, of a Check is limited to your actual damages.

## 4. AVAILABILITY OF LOANS

You may access the Account and receive a Loan during the Draw Period, subject to the provisions of this Agreement and applicable law. Holder at Holder's option may extend the Draw Period. During the Draw Period, you may borrow against the Account, repay any portion of the Account Balance, and re-borrow such portions up to the Credit Limit.

You may not access the Account so as to cause the Account Balance to exceed the Credit Limit. However, Holder at Holder's option may make a Loan that causes the Account Balance to exceed the Credit Limit; by doing so, however, Holder does not waive the right to later refuse to make such a Loan. If Holder agrees to make a Loan that causes the Account Balance to exceed the Credit Limit, you agree to execute additional security documents.

## 5. FINANCE CHARGES

In addition to the amount of any Loans made to you, you agree to pay Holder a **FINANCE CHARGE ("FINANCE CHARGE" or "FINANCE CHARGES")** on the Account Balance. The Account Balance for each day is determined by taking the Account Balance at the beginning of that day and (a) subtracting any unpaid **FINANCE CHARGE**, fees, and credit insurance premiums that are due; (b) subtracting the portion of any payments or credits received by Holder that day that apply to the repayment of the Loans; and (c) adding any Loans made that day.

Loan No: REDACTED

The **FINANCE CHARGE** on a Loan begins to accrue immediately from the time Holder makes the Loan to you. There is no "free ride period" during which **FINANCE CHARGES** will not accrue.

The **FINANCE CHARGE** is determined for each day by applying a daily periodic rate ("Daily Periodic Rate") to the Account Balance for that day; the Daily Periodic Rate is 1/365th of the **ANNUAL PERCENTAGE RATE** applicable to that day. The total **FINANCE CHARGE** for each Billing Cycle is determined by adding together the **FINANCE CHARGE** for the actual number of days during the Billing Cycle.

The Initial **ANNUAL PERCENTAGE RATE** is indicated on the first page of this Agreement. The manner in which the **ANNUAL PERCENTAGE RATE** will change will be determined by the box marked on the first page of this Agreement.

The **ANNUAL PERCENTAGE RATE** will increase or decrease if the Index increases or decreases; the corresponding increase or decrease in the Daily Periodic Rate will be determined as described above. An increase or decrease in the **ANNUAL PERCENTAGE RATE** will result in a corresponding increase or decrease in the **FINANCE CHARGE** and may result in a corresponding increase or decrease in your monthly payment. The Index may change daily; however, the Index in effect on the day the **ANNUAL PERCENTAGE RATE** is adjusted will be used to determine the new **ANNUAL PERCENTAGE RATE**. Any change in the **ANNUAL PERCENTAGE RATE** will take effect on the first day of the Billing Cycle and will not increase more than once per Billing Cycle.

The **ANNUAL PERCENTAGE RATE** will never exceed the lesser of    18.000 % or the highest allowable rate for this type of Agreement as determined by applicable state or federal law ("Maximum **ANNUAL PERCENTAGE RATE**"). The **ANNUAL PERCENTAGE RATE** includes only interest and no other costs.

## 6.  PAYMENTS

You promise to pay to Holder any amounts owed under this Agreement as follows:

**(A)  Draw Period**

During the Draw Period, no later than the payment date specified in your Billing Statement, you must pay at least the Minimum Monthly Draw Period Payment. The "Minimum Monthly Draw Period Payment" will include (a) late charges and any other charges authorized by this Agreement, including without limitation, any expenses or advances incurred by Lender under the Security Instrument; (b) the accrued **FINANCE CHARGES** as of the last day of the Billing Cycle; (c) any amounts past due on your Account; and (d) premiums for any optional credit life insurance you may decide to obtain through Lender. If, however, the unpaid balance in your Account is less than the Minimum Payment, your Minimum Payment will be equal to the balance in your Account. Minimum Monthly Draw Period Payments will not fully repay the principal of the Loans.

**(B)  Repayment Period**

During the Repayment Period, no later than the payment date specified in your Billing Statement you must pay at least the Minimum Monthly Repayment Period Payment. The "Minimum Monthly Repayment Period Payment" is equal to the amount of any accrued **FINANCE CHARGES** and credit insurance premiums plus principal in an amount necessary to fully amortize the Account Balance by the Maturity Date defined below.

**(C)  Final Payment**

On the last day of the Repayment Period ("Maturity Date"), you must pay the entire Account Balance.

**(D)  General Payment Terms**

If the Account Balance on any payment date is less than the required minimum payment, you must pay the entire Account Balance. You must make all payments in U.S. dollars at the address shown on the Billing Statement. Your payment will be due on the date shown in your Billing Statement.

**(E)  Prepayment**

You may prepay all or any portion of the Account Balance at any time without penalty; however, if your prepayment does not fully repay the entire Account Balance, you must continue to make the required minimum monthly payments.

## 7.  FEES AND CHARGES

You agree to pay the following additional fees and charges to the extent not prohibited by applicable law:

**(A)  Annual Charge**

An annual charge of $ 0.00                          . Holder will add this amount to the Account Balance each year on the anniversary date of the Account.

**(B)  Late Charge**

A late charge on any monthly payment not paid within 15    calendar days from the date the payment is due. The amount of the charge will be                    5.000 % of the payment of principal and interest, maximum $ 23.16                    ; provided, however, Holder may not charge this late charge to the extent prohibited by applicable law.

**(C)  Other FINANCE CHARGES**

The Other **FINANCE CHARGES** indicated on the first page of this Agreement.

**(D)  Other Loan Fees and Charges**

The Other Loan Fees and Charges indicated on the first page of this Agreement.

**(E)  Payment of Holder's Costs and Expenses**

If you are in default, all costs and expenses, including without limitation reasonable attorneys' fees, Holder incurs in enforcing this Agreement.

CALIFORNIA HELOC Agreement - I/O Draw Repay
Residential Funding Corporation
© 2005 Middleberg, Riddle & Gianna

Form Filled Using  **DocMagic** ®
800-649-1362    www.docmagic.com

6/05    *(Page 3 of 7 Pages)*
CALOCRIOA
For Office Use Only:  Review Code

Caloccria rfc.3.tem

REDACTED

Loan No:

### 8. NOTICES

Unless applicable law requires a different method, any notice that must be given to you under this Agreement will be given by delivering it or mailing it by first class mail to the Property Address above or at a different address if you give Holder a notice of your different address. Any notice that must be given to Holder under this Agreement will be given by delivering it or mailing it by first class mail to Holder at the address stated in Section 1(C) above or at a different address if you are given a notice of that different address.

### 9. SECURITY

The Account will be secured by a lien taken against your home pursuant to a separate Mortgage, Deed of Trust, or Security Deed ("Security Instrument") dated the same date as this Agreement. The Security Instrument requires you to take certain actions to protect your home, which is located at the address shown above ("Property"). You could lose the Property and your home if you do not meet the conditions of this Agreement or the Security Instrument. Some of the conditions of the Security Instrument are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 11, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract, or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of the Secured Debt. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 8 within which Borrower must pay the Secured Debt in full. If Borrower fails to pay the Secured Debt in full prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

You also agree to obtain and maintain such insurance on the Property as Holder may require; you agree to maintain such insurance in the amounts and for the periods Holder requires. Unless prohibited by applicable law, the Account will be secured as well by proceeds of such insurance. You may obtain such insurance from the carrier of your choice, subject to Holder's right to disapprove your choice, which right will not be exercised unreasonably.

If you fail to keep the insurance required under this Section, Holder may obtain such insurance coverage at Holder's option and your expense. Holder is under no obligation to purchase any particular type or amount of coverage; as such, you, your equity in the Property, or the contents of the Property may not be protected to the extent you desire. Any amount paid by Holder under this Section will be added as a Loan under this Agreement and be subject to the **FINANCE CHARGE**.

### 10. CREDIT AND PROPERTY INFORMATION

You agree to furnish personal financial information and information about the Property and your occupation of the Property reasonably requested by Holder from time to time. Such information must be furnished to Holder within a reasonable time but in no event later than 30 days after Holder's request. In addition, you authorize Holder, at Holder's expense, to make or have made credit inquiries, and you authorize any person to whom Holder makes such inquiries to furnish Holder with the requested information. You also authorize Holder to release information regarding the status and history of the Account to third persons, including without limitation credit bureaus, merchants, and financial institutions, to the extent permitted by applicable law.

### 11. ASSIGNMENT

Holder may assign or transfer this Agreement and the Security Instrument without notice to you. You may not assign or transfer your rights and obligations under this Agreement without Holder's written authorization; however, this Agreement is binding upon your heirs, successors, and legal representatives.

### 12. TAX DEDUCTIBILITY

You should consult a tax advisor regarding the deductibility of interest and charges under the Account.

### 13. DEFAULT

You will be in default under this Agreement if:

(A)  You engage in fraud or material misrepresentation in connection with the Account or with any aspect of the Account, including without limitation your application for the Account and your occupancy of the Property;

(B)  You do not meet the repayment terms under this Agreement;

(C)  Your action or inaction adversely affects the collateral for the Account (including without limitation the Property) or Holder's rights in the collateral under the Security Instrument, including without limitation: (i) your failure to maintain insurance as required under the Security Instrument; (ii) your transfer of the Property as provided in the Security Instrument; (iii) your failure to maintain the Property or use of the Property in a destructive manner; (iv) your commission of waste of the Property; (v) your failure to pay taxes due on the Property or your failure to act such that a lien superior to Holder's lien is filed against the Property; (vi) the death of all of you; (vii) the Property is taken by condemnation or eminent domain; (viii)

CALIFORNIA HELOC Agreement - I/O Draw Repay
Residential Funding Corporation
© 2005 Middleberg, Riddle & Gianna

Form Filled Using  *DocMagic* ®
800-649-1362   www.docmagic.com

6/05    *(Page 4 of 7 Pages)*
CALOCRIOA
For Office Use Only:  Review Code

Calocrioi.rfc.4.tem

a judgment is filed against you that subjects the Property to action that adversely affects Holder's interest in the Property; (ix) the creation of a lien on the Property without Holder's permission; or (x) a superior lien holder forecloses on the Property such that Holder's interest in the Property is adversely affected.

### 14. REMEDIES FOR DEFAULT

If you are in default, Holder may terminate the Account, require you to pay the entire outstanding Account Balance, and charge a termination fee and any collection fees unless otherwise prohibited from doing so by applicable law. Holder at Holder's option also may take one or more lesser actions. Such lesser actions may include without limitation reducing the Credit Limit. Holder may take action under this Section only after complying with any notice or cure provisions required under applicable law. In the event Holder elects not to terminate the Account or take lesser action when you are in default, Holder does not forfeit or waive Holder's right to do so at a later time or to do so if you are in default again.

### 15. SUSPENSION OF ACCOUNT AND REDUCTION OF CREDIT LIMIT

Unless otherwise prohibited from doing so by applicable law, Holder may temporarily suspend the Account or reduce the Credit Limit if:

(A) The value of the Property declines significantly below the Property's appraised value for purposes of the Account;

(B) Holder reasonably believes you will not be able to meet the repayment requirements under this Agreement due to a material change in your financial circumstances;

(C) You are in default of a material obligation of this Agreement or the Security Instrument; for purposes of this Agreement a material obligation will include without limitation your obligation to supply Holder with the credit and property information required under Section 10 of this Agreement;

(D) A governmental action prevents Holder from imposing the ANNUAL PERCENTAGE RATE or impairs Holder's security interest under the Security Instrument such that the value of the security interest is less than 120 percent of the Credit Limit;

(E) A regulatory agency has notified Holder that continued advances would constitute an unsafe practice;

(F) The ANNUAL PERCENTAGE RATE reaches the maximum rate permitted under this Agreement; or

(G) Any of you requests to do so; provided, that Holder may require that any such request be in writing and sent to Holder by certified mail, and that Holder may require that any request to reinstate the Account also be in writing and sent by all of you.

If Holder suspends the Account or reduces the Credit Limit, Holder will send you notice of Holder's decision as provided in Section 8 of this Agreement. Any request by you to reinstate the Account or the Credit Limit must be in writing and sent to Holder as provided in Section 8 of this Agreement.

### 16. CHANGING THE TERMS OF THIS AGREEMENT

Holder may not change the terms of this Agreement except under the following circumstances:

(A) Holder may change the Index and Margin if the original Index or any replacement index is no longer available. Any new Index must have a historical movement similar to the original Index and together with a new Margin must result in an ANNUAL PERCENTAGE RATE substantially similar to the ANNUAL PERCENTAGE RATE in effect at the time the original Index or replacement index became unavailable.

(B) Holder may make changes that you agree to in writing.

(C) Holder may make changes that unequivocally benefit you throughout the remaining term of the Account.

(D) Holder may make changes to insignificant terms of this Agreement.

Unless otherwise prohibited from doing so by applicable law, Holder may refuse to make additional Loans or reduce the Credit Limit whenever the Maximum ANNUAL PERCENTAGE RATE is reached.

### 17. CANCELING THE ACCOUNT

You may cancel the Account at any time by notifying Holder in writing as provided in Section 8 above. Cancellation of the Account by any of you will cancel the Account for all of you. However, Holder may release any of you from your obligations under this Agreement without releasing the remainder of you from your obligations.

If the Account is canceled or terminated for any reason, you will not be entitled to a refund of or a credit for any initial annual fees or other fees and charges payable under the Account, unless otherwise required by applicable law. In addition, you must return to Holder the Checks, Credit Cards, and any other devices you may have to access the Account. Any further use of such devices may be considered fraudulent. Regardless of such cancellation or termination, you will remain obligated to repay the Account Balance in full, including any money advanced to you after the Account has been canceled or terminated.

### 18. LOAN CHARGES

If this Agreement is subject to a law that sets maximum Loan charges, and that law is finally interpreted so that the FINANCE CHARGE or other Loan charges collected or to be collected in connection with the Account exceed the permitted limits, then: (a) any such charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you that exceeded permitted limits will be refunded to you. Holder may choose to make this refund by reducing the principal owed under the Account or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge. Your acceptance of any such refund made by direct payment to you will constitute a waiver of any right of action you might have arising out of such overcharge.

CALIFORNIA HELOC Agreement - I/O Draw Repay
Residential Funding Corporation          Form Filed Using DocMagic®
© 2005 Middleberg, Riddle & Gianna       800-649-1362   www.docmagic.com
6/05   (Page 5 of 7 Pages)
CALOCRIOA
For Office Use Only: Review Code

Caloeria.rfc.5.tem

Loan No:REDACTED

### 19. SEVERABILITY

In the event that any provision or clause of this Agreement or the Security Instrument conflicts with applicable federal, state, or local law, such provision or clause will be considered changed to the extent permissible and necessary to comply with such law. Otherwise, such conflict will not affect other provisions of this Agreement or the Security Instrument that can be given effect without the conflicting provision.

### 20. YOUR BILLING RIGHTS-KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and Holder's responsibilities under the Fair Credit Billing Act.

#### Notify Holder In Case of Errors or Questions About Your Bill

If you think the Billing Statement is wrong, or if you need more information about a transaction on the Billing Statement, write Holder at the address listed on the Billing Statement. Write to Holder as soon as possible. Holder must hear from you no later than 60 days after Holder sent you the first Billing Statement on which the error or problem appeared. You can telephone Holder, but doing so will not preserve your rights.

In your letter, give Holder the following information:

    (A)  Your name and account number.

    (B)  The dollar amount of the suspected error.

    (C)  Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized Holder to pay the Account automatically from your savings, checking, or other account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach Holder three business days before the automatic payment is scheduled to occur.

#### Your Rights and Holder's Responsibilities After Holder Receives Your Written Notice

Holder must acknowledge your letter within 30 days, unless Holder has corrected the error by then. Within 90 days, Holder must either correct the error or explain why Holder believes the Billing Statement was correct.

After Holder receives your letter, Holder cannot try to collect any amount you question or report you as delinquent. Holder can continue to bill you for the amount you question, including **FINANCE CHARGES**, and Holder can apply any unpaid amount against the Credit Limit. You do not have to pay any questioned amount while Holder is investigating, but you are still obligated to pay the parts of the Billing Statement that are not in question.

If Holder finds that Holder made a mistake on the Billing Statement, you will not have to pay any **FINANCE CHARGES** related to any questioned amount. If Holder did not make a mistake, you may have to pay **FINANCE CHARGES**, and you will have to make up any missed payments on the questioned amount. In either case, Holder will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that Holder thinks you owe, Holder may report you as delinquent. However, if Holder's explanation does not satisfy you and you write to Holder within ten days telling Holder that you still refuse to pay, Holder must tell anyone Holder reports you to that you have a question about the Billing Statement. And Holder must tell you the name of anyone Holder reported you to. Holder must tell anyone Holder reports you to that the matter has been settled between you and Holder when it finally is.

If Holder does not follow these rules, Holder can't collect the first $ 50.00 of the questioned amount, even if the Billing Statement was correct.

#### Special Rule for Credit Card Purchases

If you have a problem with the quality of property or services that you purchased with the Credit Card and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. There are two limitations on this right:

    (A)  You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address; and

    (B)  The purchase price must have been more than $ 50.00.

These limitations do not apply if Holder owns or operates the merchant or if Holder mailed you the advertisement for the property or services.

### 21. LIABILITY FOR UNAUTHORIZED USE OF A CREDIT CARD

You may be liable for the unauthorized use of the Credit Card. You will not be liable for unauthorized use that occurs after you notify Holder, orally (as provided in the Billing Statement) or in writing (as provided in Section 8 above), of the loss, theft, or possible unauthorized use. In any case, your liability will not exceed $ 50.00.

CALIFORNIA HELOC Agreement - I/O Draw Repay
Residential Funding Corporation
© 2005 Middleberg, Riddle & Gianna

Form Filled Using  *DocMagic* ®
800-649-1362   www.docmagic.com

6/05   *(Page 6 of 7 Pages)*
CALOCRIOA
For Office Use Only:  Review Code

Calocnu.rfc.6.tem

Loan No: REDACTED

By signing below, you agree to the terms of this Agreement.  You also acknowledge and agree that you received a completed copy of this Agreement.

**You understand that during the Draw Period your minimum monthly payments will not reduce the unpaid principal of the Loans.  After   5   years if you have only made minimum payments, your unpaid principal of the Loans will not be reduced.  During the Repayment Period your Minimum Monthly Repayment Period Payments will increase because they will consist of accrued FINANCE CHARGES and credit insurance premiums plus principal unless you have prepaid any portion of the Account Balance.**

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JACK DAMUSCA                    -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower


_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower


*[Sign Original Only]*

**CALIFORNIA HELOC Agreement - I/O Draw Repay**          Form Filled Using *DocMagic*®          6/05  *(Page 7 of 7 Pages)*
**Residential Funding Corporation**                                                                      CALOCRIOA
© 2005 Middleberg, Riddle & Gianna          800-649-1362   www.docmagic.com          For Office Use Only:  Review Code

Calocmi.rfc.7.tem

PAY TO THE ORDER OF **RESIDENTIAL FUNDING COMPANY, LLC**

WITHOUT RECOURSE
PLATINUM CAPITAL GROUP
A CALIFORNIA CORPORATION

BY

ASST. SECRETARY
Carleton Pyfrom II

PAY TO THE ORDER OF
Stelis, LLC
WITHOUT RECOURSE
Residential Funding Company, LLC
By
Judy Faber, Vice President

# Exhibit 2

This page is part of your document - DO NOT DISCARD

**06 2156026**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**09/28/06 AT 08:00am**

TITLE(S) :

# REDACTED

FEE                                                    D.T.T.

FEE $ 24  MM
DAF $ 2
C-20            10

CODE
20

CODE
19

CODE
9

NOTIFICATION SENT $4

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown

**THIS FORM IS NOT TO BE DUPLICATED**

FIDELITY-VAN NUYS



Return to:
PLATINUM CAPITAL GROUP
ATTENTION:
17101 ARMSTRONG AVENUE SUITE, 200
IRVINE, CALIFORNIA 92614

06 2156026

REDACTED ————— [Space Above This Line For Recording Data] —————

Loan No:REDACTED

## DEED OF TRUST

MIN:REDACTED

**DEFINITIONS**

**(A)** "Security Instrument" means this document, which is dated  SEPTEMBER 21, 2006  , together with all riders to this document.

**(B)** "Borrower" is  JACK DAMUSCA AND GINETTE DAMUSCA, HUSBAND AND WIFE AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.

**(C)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D)** "Lender" is PLATINUM CAPITAL GROUP
Lender is A CALIFORNIA CORPORATION   , organized and existing under the laws of the State of CALIFORNIA   . Lender's address is 17101 ARMSTRONG AVENUE SUITE 200, IRVINE, CALIFORNIA 92614

**(E)** "Trustee" is FIDELITY NATIONAL TITLE

**(F)** "Secured Indebtedness" means:

    (1) The debt, interest, finance charges, and other fees and charges incurred under the terms of the Home Equity Line of Credit Agreement and Disclosure Statement ("HELOC") dated SEPTEMBER 21, 2006   ; the HELOC matures on SEPTEMBER 21, 2026   .

    (2) Any advance made to Borrower or obligation incurred by Borrower pursuant to any contract or evidence of indebtedness benefiting Lender, regardless of whether such advance has been made or such obligation has been incurred in whole or in part as of the date of this Security Instrument.

    (3) Any sum paid and expense incurred by Lender under the terms of this Security Instrument.

**(G)** "Credit Limit" means the maximum aggregate amount of principal that may be secured by this Security Instrument at any one time. The Credit Limit is $46,800.00   . Except to the extent prohibited by Applicable Law, the Credit Limit does not apply to interest, finance charges, and other fees and charges validly incurred by Borrower under this Security Instrument. The Credit Limit also does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filled Using  *DocMagic*®
800-649-1362   www.docmagic.com

1/04   *(Page 1 of 10 Pages)*
· CALOCRSMS

This Deed of Trust is second and subordinate to
the Deed of Trust recorded concurrently herewith.

Calocm rfc.1.tem

Loan No.: REDACTED

**(H)** **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(I)** **"Riders"** means all riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Condominium Rider        ☐ Planned Unit Development Rider
☐ 1 - 4 Family Rider        ☐ Other(s) [specify]

**(J)** **"Applicable Law"** means all controlling applicable federal, state, and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as applicable final, non-appealable judicial opinions.

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Secured Indebtedness, and all renewals, extensions, and modifications of the Secured Indebtedness; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the HELOC. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of LOS ANGELES                        :
LOT 575 OF TRACT NO. 5535, IN THE COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGES 9 AND 10 OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
A.P.N.: 5013-006-003

which currently has the address of   3512 FLORESTA AVENUE
                                                                    [Street]

    LOS ANGELES AREA        , CALIFORNIA     90043            ("Property Address"):
            [City]                                    [Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions also shall be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**        Form Filled Using   *DocMagic®*        1/04   *(Page 2 of 10 Pages)*
©2005 Middleberg, Riddle & Gianna        800-649-1362   www.docmagic.com                CALOCRSMS

Calocrs rfc 2.uzm

06 2156026

4

Loan No. REDACTED

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and shall defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

## ADVANCES

Any advances made under the HELOC may be made, repaid, and remade from time to time, subject to the limitations of the HELOC. Regardless of whether the Secured Indebtedness is reduced to a zero balance, this Security Instrument shall remain in effect until released or reconveyed.

Any advances made in excess of the Credit Limit shall not be secured by this Security Instrument if prohibited by Applicable Law or, if not prohibited by Applicable Law, unless (i) Lender agrees to increase the Credit Limit and complies with any subsequent disclosure, rescission, and other requirements under Applicable Law and (ii) Borrower agrees to execute any documents Lender requires to evidence and secure the increase in the Credit Limit. Lender shall not be obligated in any way under this Security Instrument to increase the Credit Limit or to make additional or future loans or advances in any amount.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

   **1.   Payment of Secured Indebtedness; Performance of Obligations.**  Borrower shall pay when due the Secured Indebtedness and shall perform all of Borrower's obligations under the HELOC and this Security Instrument.
   **2.   Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property that can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and the dues, fees, and assessments of a condominium association, homeowners association, or similar organization, if any.

Borrower shall make all payments and comply with all covenants as and when required by any mortgage, deed of trust, security agreement, or other lien document evidencing a lien that is prior to this Security Instrument and that is approved by Lender. Borrower shall not modify, extend, or increase the amount secured by such prior lien document without Lender's written consent.

Upon demand Borrower shall furnish to Lender satisfactory evidence of payment of such taxes, assessments, charges, fines, impositions, and prior liens.

Borrower shall promptly discharge any lien not approved by Lender that has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings that in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien that can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 2.
   **3.   Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against fire, hazards included within the term "extended coverage," flood, and any other hazards including without limitation earthquakes, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filled Using   *DocMagic* ®
800-649-1362    www.docmagic.com

1/04     *(Page 3 of 10 Pages)*
CALOCRSMS

Calocra.rft 3.tem

09/28/06

06 2156026

5

Loan No.: REDACTED

to the preceding sentences may change during the term of the HELOC. Borrower may obtain such insurance from the insurance carrier of Borrower's choice, subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard, or liability, and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 3 shall be Secured Indebtedness and shall be payable according to the terms of the HELOC.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the Secured Indebtedness, whether or not then due, with the excess, if any, paid to Borrower.

4.  **Preservation, Maintenance, and Protection of the Property; Occupancy and Use of the Property; and Inspection.** Borrower shall not destroy, damage, or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value, due to its condition, such as would adversely affect Lender's security in the Property. Unless it is determined pursuant to Section 3 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower shall not be relieved of Borrower's obligation for the completion of such repair or restoration.

Borrower shall not materially change the present occupancy and use of the Property without Lender's written consent. Borrower shall not use the Property in an illegal manner or for any illegal use such as would subject the Property to seizure.

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filed Using    *DocMagic*®
800-649-1362    www.docmagic.com

1/04    *(Page 4 of 10 Pages)*
**CALOCRSMS**

06 2156026

Calocra.rfc.4.tem

Loan No.: REDACTED

Lender or its agent may make reasonable entries upon and inspections of the Property.  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property.  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

   **5.   Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien that may attain priority over this Security Instrument, or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.  Lender's actions may include, but are not limited to: (a) paying any sums secured by a lien that has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees, to the extent not prohibited by Applicable Law, to protect its interest in the Property and/or rights under this Security Instrument, including Lender's secured position in a bankruptcy proceeding.  Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.  Although Lender may take action under this Section 5, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 5.

   Any amounts disbursed by Lender under this Section 5 shall be Secured Indebtedness and shall be payable according to the terms of the HELOC.

   If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.  If the Property is located in a condominium project or a planned unit development, Borrower shall perform all of Borrower's obligations under the covenants, by-laws, or regulations of the condominium project or planned unit development.

   **6.   Condemnation.**  Borrower shall give Lender prompt notice of any condemnation or eminent domain proceeding or action pending or threatened against the Property and authorizes Lender to intervene in Borrower's name in any such proceeding or action.  Borrower assigns to Lender any money awarded to Borrower pursuant to such proceeding or action, and such money shall be applied to the Secured Indebtedness, whether or not then due, with the excess, if any, paid to Borrower.

   **7.   Loan Charges.**  If the HELOC is subject to a law that sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the HELOC exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower that exceeded permitted limits shall be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the HELOC or by making a direct payment to Borrower.  If a refund reduces principal, the reduction shall be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the HELOC).  Borrower's acceptance of any such refund made by direct payment to Borrower shall constitute a waiver of any right of action Borrower might have arising out of such overcharge.

   **8.   Notices.**  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address

**CALIFORNIA HELOC Deed of Trust
Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filled Using   *DocMagic*®
800-849-1362   www.docmagic.com

1/04     *(Page 5 of 10 Pages)*
CALOCRSMS

**06 2156026**

Loan No.: REDACTED

through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement shall satisfy the corresponding requirement under this Security Instrument.

**9. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. In the event that any provision or clause of this Security Instrument or the HELOC conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the HELOC that can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**10. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the HELOC (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant, and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear, or make any accommodations with regard to the terms of this Security Instrument or the HELOC without the co-signer's consent.

Subject to the provisions of Section 11, any successor to the interests of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender.

**11. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 11, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract, or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of the Secured Indebtedness. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 8 within which Borrower must pay the Secured Indebtedness in full. If Borrower fails to pay the Secured Indebtedness in full prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12. Hazardous Substances.** As used in this Section 12: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filled Using   *DocMagic®*
800-649-1362    www.docmagic.com

1/04    *(Page 6 of 10 Pages)*
CALOCRSMS

Calocrm.rfc.6 wxm

09/28/06

06 2156026

8

Loan No.: REDACTED

in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, or allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) that creates an Environmental Condition, or (c) that, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower promptly shall give Lender written notice of (a) any investigation, claim, demand, lawsuit, or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge; (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release, or threat of release of any Hazardous Substance; and (c) any condition caused by the presence, use, or release of a Hazardous Substance that adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority or any private party that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**13. Escrow for Taxes and Insurance.** Unless otherwise provided in a separate agreement, Borrower shall not be required to pay in escrow to Lender funds for taxes, insurance, and other assessments.

**14. Default.** Borrower shall be in default under the HELOC and this Security Instrument if without limitation any of the following occur: (a) Borrower engaged or engages in fraud or material misrepresentation in connection with any aspect of the HELOC or this Security Instrument, including without limitation Borrower's application for the HELOC and Borrower's occupancy of the Property; (b) Borrower does not meet repayment terms under the HELOC; (c) Borrower's action or inaction adversely affects the collateral for the HELOC (including without limitation the Property) or Lender's rights in the collateral including without limitation: (i) Borrower's failure to maintain the insurance required under Section 3 of this Security Instrument; (ii) Borrower's transfer of the Property as provided in Section 11 of this Security Instrument; (iii) Borrower's failure to maintain the Property or use of the Property in a destructive manner; (iv) Borrower's commission of waste of the Property; (v) Borrower's failure to pay taxes due on the Property or Borrower's failure to act such that a lien superior to Lender's lien is filed against the Property; (vi) the death of all Borrowers; (vii) the Property is taken by condemnation or eminent domain; (viii) a judgment is filed against Borrower that subjects the Property to action that adversely affects Lender's interest in the Property; (ix) the creation of a lien on the Property without Lender's permission; or (x) a superior lien holder forecloses on the Property such that Lender's interest in the Property is adversely affected.

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filled Using    *DocMagic*®
800-649-1362    www.docmagic.com

1/04    *(Page 7 of 10 Pages)*
CALOCRSMS

06 2156026

Calocrsrfc.7.sam

*9*

Loan No.: REDACTED

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**15. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 11 unless Applicable Law provides otherwise). The notice shall comply with Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of the Secured Indebtedness without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 15, including without limitation reasonable attorneys' fees, to the extent not prohibited by Applicable Law, and costs of title evidence.

If Lender invokes the power of sale, Lender shall give or cause Trustee to give all notices required by Applicable Law in the time and manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property to the highest bidder at public auction at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all of any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale. Trustee shall deliver to the purchaser Trustee's deed conveying the Property without covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including without limitation reasonable Trustee's and attorneys' fees to the extent not prohibited by Applicable Law; (b) to the Secured Indebtedness; and (c) any excess to the person or persons legally entitled to it.

If Borrower is in default, Lender may elect not to accelerate the Secured Indebtedness but instead may refuse to make additional advances or reduce the Credit Limit. Even if Lender elects not to exercise any remedy under this Security Instrument, Lender does not forfeit or waive Lender's right to do so at a later time or to do so if Borrower is in default again.

**16. Reconveyance.** Upon payment in full of the Secured Indebtedness, Lender shall request Trustee to reconvey the Property and surrender this Security Instrument and all documents evidencing the Secured Indebtedness to Trustee. Lender shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**17. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee, and Borrower, the book and page where this Security Instrument is recorded, and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers, and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**18. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**19. Property Insurance.** The third paragraph of Section 3 is revised to read as follows; all other terms and provisions shall remain unchanged.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee, and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the HELOC up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower

**CALIFORNIA HELOC Deed of Trust**
**Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filled Using   *DocMagic®*
800-649-1362   www.docmagic.com

1/04   *(Page 8 of 10 Pages)*
CALOCRSMS

**06 2156026**

Calocsn rfc 8.tem

10

Loan No.: REDACTED

shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee, and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the HELOC up to the amount of the outstanding loan balance.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Riders executed by Borrower and recorded with it. Borrower also acknowledges receipt of a copy of this Security Instrument.

_____ (Seal)
JACK DAMUSCA                  -Borrower

_____ (Seal)
GANETTE DAMUSCA               -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

09/28/06

**CALIFORNIA HELOC Deed of Trust
Residential Funding Corporation**
©2005 Middleberg, Riddle & Gianna

Form Filed Using  *DocMagic®*
800-649-1362   www.docmagic.com

1/04    *(Page 9 of 10 Pages)*
CALOCRSMS

06 2156026

Calocrm.rfc:9 tim

11

Loan No.: REDACTED

——————————— [Space Below This Line For Acknowledgment] ———————————

State of  CALIFORNIA                                    )
County of  LOS ANGELES                            )

On SEPTEMBER  22,  2006 , before me, CASSANDRA PATRICE NEVELS, a Notary Public,
personally appeared   JACK DAMUSCA, GINETTE DAMUSCA

☐ personally known to me
**OR**
☑ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in her/his/their authorized capacity, and that by her/his/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

CASSANDRA PATRICE NEVELS
Commission # 1614947
Notary Public - California
Los Angeles County
My Comm. Expires Oct 21, 2009

_Cassandra Patrice Nevels, NOTARY PUBLIC_
Notary Public

CASSANDRA PATRICE NEVELS, NOTARY PUBLIC
(Printed Name)

(This area for official notarial seal)          My commission expires: Oct. 21, 2009

09/28/06

**CALIFORNIA HELOC Deed of Trust**          Form Filled Using  _DocMagic_®          1/04    _(Page 10 of 10 Pages)_
**Residential Funding Corporation**          800-649-1362    www.docmagic.com                  CALOCRSMS
©2005 Middleberg, Riddle & Gianna

06 2156026

Calocm.rft.10.tem

# Exhibit 3



**This page is part of your document - DO NOT DISCARD**



**20110374963**

# REDACTED

**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/11/11 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 18.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 18.00 |

# REDACTED

**SEQ:**
**06**

DAR - Title Company (Hard Copy)

# REDACTED

**THIS FORM IS NOT TO BE DUPLICATED**    t29



RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
AS AN ACCOMMODATION ONLY

COPY

REDACTED 03/11/2011
REDACTED REDACTED

*20110374963*

RECORDING REQUESTED BY:
Mortgage Electronic Registration Systems, Inc., solely as
nominee for Platinum Capital Group, its successors and
assigns

PREPARED BY AND WHEN
RECORDED MAIL TO:
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7700

APN: 5013-006-003
MIN:REDACTED
Property Address: 3512 Floresta Avenue, Los Angeles Area, California 90043

REDACTED    ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Residential
Funding Real Estate Holdings, LLC all beneficial interest under that certain Deed of Trust dated
September 21, 2006, executed by Jack Damusca and Ginette Damusca, husband and wife as joint
tenants, to Fidelity National Title as trustee, for Mortgage Electronic Registration Systems, Inc.,
solely as nominee for Platinum Capital Group, its successors and assigns, as beneficiary, and recorded
as Instrument No. 06 2156026 on September 28, 2006, in the State of California, Los Angeles County
Recorder's Office.

Dated: 3-7-11        Mortgage Electronic Registration Systems, Inc., solely as
nominee for Platinum Capital Group, its successors and
assigns
By:
Name: E'vette Arrington
Title: Assistant Secretary

State of PA        )
                  ) ss.
County of Montgomery  )
On Mar 7, 2011        before me, Dennise L. Veasley, a Notary Public in and
for said state, personally appeared E'vette Arrington, personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of PA that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public        (This Area for Official Notary Seal)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Dennise L. Veasley, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Dec. 3, 2014
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

REDACTED

Recording Requested By:

**When Recorded Return To:**
Trinity Financial Services, LLC (MAIN)
Leah Whitworth
P.O. Box 458
Kimberling City, MO 65686
Ref#:REDACTED          / 1500022251

Document Number:12525930
REDACTED

**REDACTED**

Batch Number:7754191
REDACTED

**REDACTED**


*Record 1st*

**REDACTED**

### CORPORATE ASSIGNMENT OF DEED OF TRUST

**Los Angeles, California**
**SELLER'S SERVICING #:**REDACTED "DAMUSCA"

For Value Received, RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC hereby grants, assigns and transfers to RESIDENTIAL FUNDING COMPANY, LLC at 1100 VIRGINIA DRIVE, FT WASHINGTON, PA  19034 all beneficial interest under that certain Deed of Trust dated 09/21/2006 , in the amount of $46,800.00, executed by JACK DAMUSCA AND GINETTE DAMUSCA, HUSBAND AND WIFE AS JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR PLATINUM CAPITAL GROUP, ITS SUCCESSORS AND/OR ASSIGNS and Recorded:  09/28/2006  in Book: NA Page: NA as Instrument No.: 06-2156026 in the County of Los Angeles, State of California.

 Therein described or referred to, in said Deed of Trust, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

  RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC
On _9/17/2013_

_____
Jared Juel
_____, Authorized Officer

STATE OF Iowa
COUNTY OF Black Hawk

 On _9-17-13_, before me, TERESA OLSON, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared _____Jared Juel_____, Authorized Officer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
TERESA OLSON
Notary Expires: 07/03/2016  #779238

> **TERESA OLSON**
> COMMISSION NO.779238
> MY COMMISSION EXPIRES
> JULY 3, 2016

(This area for notarial seal)

**REDACTED**

 

**This page is part of your document - DO NOT DISCARD**



**20161102600**

# REDACTED

Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/14/16 AT 08:04AM**

| | | |
|---|---|---|
| FEES: | | 18.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 18.00 |





# REDACTED



E536641

Recording Requested By:

**When Recorded Return To:**
Trinity Financial Services, LLC (MAIN)
Leah Whitworth
P.O. Box 458
Kimberling City, MO 65686
Ref#: REDACTED        / 1500022251 —*A*

*Record 2nd*

Document Number: 12525938
REDACTED REDACTED REDACTED

Batch Number: 7754191
REDAC REDACTE REDACTED
**REDACTED**

REDACTED

### CORPORATE ASSIGNMENT OF DEED OF TRUST

**Los Angeles, California**
**SELLER'S SERVICING #:** REDACTED **"DAMUSCA"**

For Value Received, RESIDENTIAL FUNDING COMPANY, LLC hereby grants, assigns and transfers to STELIS, LLC at 2001 WESTERN AVE, SUITE 430, SEATTLE, WA 98121 all beneficial interest under that certain Deed of Trust dated 09/21/2006 , in the amount of $46,800.00, executed by JACK DAMUSCA AND GINETTE DAMUSCA, HUSBAND AND WIFE AS JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR PLATINUM CAPITAL GROUP, ITS SUCCESSORS AND/OR ASSIGNS and Recorded: 09/28/2006 in Book: NA Page: NA as Instrument No.: 06-2156026 in the County of Los Angeles, State of California.

 Therein described or referred to, in said Deed of Trust, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

In witness whereof this instrument is executed.

 RESIDENTIAL FUNDING COMPANY, LLC
On  **9/17/2013**

_____
         Jared Juel
_____, Authorized Officer


STATE OF Iowa
COUNTY OF Black Hawk

On **9-17-13** , before me, TERESA OLSON, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared _____ Jared Juel _____, Authorized Officer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
TERESA OLSON
Notary Expires: 07/03/2016 #779238

```
TERESA OLSON
COMMISSION NO.779238
MY COMMISSION EXPIRES
JULY 3, 2016
```

(This area for notarial seal)


# REDACTED



**This page is part of your document - DO NOT DISCARD**



**20161102601**

# REDACTED

**Pages:
0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**09/14/16 AT 08:04AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



# REDACTED

E034541

**RECORDING REQUESTED BY:**

**When Recorded Return To:**
Trinity Financial Services, LLC (MAIN)
Leah Whitworth
P.O. Box 458
Kimberling City, MO 65686
Ref#: REDACTED    1500022251 -B



Document Number: 12525942
REDACTED REDACTED
REDACT

Batch Number: 7754191
REDACTED REDACTED REDACTED



REDACTED

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #: REDACTED
CA/LOS ANGELES

Assignment Prepared on: March 09, 2016

For Value Received, **STELIS, LLC,** whose address is 30 WALL STREET, 6TH FLOOR, NEW YORK, NY, 10005 **(herein "Assignor")** hereby grants, assigns and transfers to **Trinity Financial Services, LLC,** whose address is 2618 SAN MIGUEL DR., SUITE 303, NEWPORT BEACH, CA, 92660 **(herein "Assignee")** all interest under that certain Deed of Trust dated 9/21/2006, in the amount of $46,800.00, executed by JACK DAMUSCA AND GINETTE DAMUSCA, HUSBAND AND WIFE AS JOINT TENANTS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR PLATINUM CAPITAL GROUP, A CALIFORNIA CORPORATION, ITS SUCCESSORS AND ASSIGNS and Recorded: 9/28/2006, Instrument No.: 062156026 in LOS ANGELES County, State of CALIFORNIA and all rights accrued or to accrue under said Deed of Trust.

Property Address: 3512 FLORESTA AVENUE, LOS ANGELES AREA, CA, 90043
STELIS, LLC

On: 3/9/16

Signature: _Susan Hoff_

Name:    Susan Hoff

Title:    ASSISTANT VICE PRESIDENT

State of MISSOURI
County of STONE

On 3/9/16 , before me, TONI EUTSLER, a Notary Public in and for STONE in the State of MISSOURI, personally appeared Susan Hoff, ASSISTANT VICE PRESIDENT, STELIS, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Toni Eutsler_

TONI EUTSLER
Notary Expires: 2/24/2018 / #: 14933852

TONI EUTSLER
My Commission Expires
February 24, 2018
Stone County
Commission #14933852

**CA/LOS ANGELES**

# Exhibit 4

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Ginette Damusca** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number | |

☐ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property                                                                  12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | What is the property? Check all that apply | | |
|---|---|---|---|---|
| | **3512 Floresta Avenue** | ☑ Single-family home | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Street address, if available, or other description | ☐ Duplex or multi-unit building | | |
| | | ☐ Condominium or cooperative | | |
| | | ☐ Manufactured or mobile home | | |
| | **Los Angeles    CA    90043-0000** | ☐ Land | Current value of the entire property? | Current value of the portion you own? |
| | City    State    ZIP Code | ☐ Investment property | **$811,679.00** | **$811,679.00** |
| | | ☐ Timeshare | | |
| | | ☐ Other _____ | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | | Who has an interest in the property? Check one | **DEED OF TRUST** |
| | **Los Angeles** | ☑ Debtor 1 only | |
| | County | ☐ Debtor 2 only | |
| | | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | | ☐ At least one of the debtors and another | |
| | | Other information you wish to add about this item, such as local property identification number: | |

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................=>

| |
|---|
| **$811,679.00** |

**Part 2:**  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1   **Ginette Damusca**                                      Case number *(if known)* _____

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No

■ Yes

| 3.1 | Make: | **ML 320** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|--|--|--|--|--|

| 3.1 | Make: **ML 320** | | |
|--|--|--|--|

Make: **ML 320**
Model: **Mercedez**
Year: **1999**
Approximate mileage: **200,000**
Other information:

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?  **$2,000.00**
Current value of the portion you own?  **$2,000.00**

---

3.2 Make: **Honda**
Model: **Odyssey**
Year: **2001**
Approximate mileage: **200,000**
Other information:

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?  **$3,000.00**
Current value of the portion you own?  **$3,000.00**

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories*

■ No

☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..................................................=>   **$5,000.00**

### Part 3:  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples: Major appliances, furniture, linens, china, kitchenware*
☐ No
■ Yes.  Describe.....

| misc. household furnishings | **$1,500.00** |
|--|--|

### 7. Electronics
*Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games*
☐ No
■ Yes.  Describe.....

| Misc. Electronics | **$500.00** |
|--|--|

### 8. Collectibles of value
*Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles*
■ No
☐ Yes.  Describe.....

---

Official Form 106A/B                      Schedule A/B: Property                                      page 2

Debtor 1    **Ginette Damusca**    Case number *(if known)*

---

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

    | misc. clothing | $500.00 |
    |---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes. Describe.....

    | misc. jewelry | $500.00 |
    |---|---|

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes. Give specific information.....

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ........................................................

| $3,000.00 |
|---|

---

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own? Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes..............................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes........................    Institution name:

    | 17.1. | checking at Citibank | $100.00 |
    |---|---|---|

    | 17.2. | checking at Chase | $100.00 |
    |---|---|---|

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Ginette Damusca** | | | Case number *(if known)* | |

| | 17.3. | | **checking at BofA** | | $100.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
 *Examples: Bond funds, investment accounts with brokerage firms, money market accounts*

■ No

☐ Yes.................       Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes.  Give specific information about them...................
          Name of entity:                                    % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
 *Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.*
 *Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.*

■ No

☐ Yes. Give specific information about them
          Issuer name:

**21. Retirement or pension accounts**
 *Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans*

■ No

☐ Yes. List each account separately.
          Type of account:          Institution name:

**22. Security deposits and prepayments**
 Your share of all unused deposits you have made so that you may continue service or use from a company
 *Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others*

■ No

☐ Yes. .....................       Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**

■ No

☐ Yes............       Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
 26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes............       Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No

☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
 *Examples: Internet domain names, websites, proceeds from royalties and licensing agreements*

■ No

☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
 *Examples: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses*

■ No

☐ Yes.  Give specific information about them...

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

Debtor 1    **Ginette Damusca**                                              Case number *(if known)*

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement*
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security
    benefits; unpaid loans you made to someone else*
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples: Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance*
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    | Company name: | Beneficiary: | Surrender or refund value: |

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples: Accidents, employment disputes, insurance claims, or rights to sue*
    ■ No
    ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes. Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here.................................................................................................................    **$300.00**

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes. Go to line 38.

**Part 6:**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
        If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes. Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest In That You Did Not List Above

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1     **Ginette Damusca**                                                    Case number *(if known)* _____

53.  **Do you have other property of any kind you did not already list?**
     *Examples: Season tickets, country club membership*
     ■ No
     ☐ Yes. Give specific information.........

54.  Add the dollar value of all of your entries from Part 7. Write that number here .....................................   |  $0.00

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

55.  Part 1: Total real estate, line 2 ...............................................................................................    $811,679.00

56.  Part 2: Total vehicles, line 5                                                    $5,000.00

57.  Part 3: Total personal and household items, line 15                              $3,000.00

58.  Part 4: Total financial assets, line 36                                           $300.00

59.  Part 5: Total business-related property, line 45                                   $0.00

60.  Part 6: Total farm- and fishing-related property, line 52                          $0.00

61.  Part 7: Total other property not listed, line 54                          +        $0.00

62.  Total personal property. Add lines 56 through 61...        $8,300.00        Copy personal property total        $8,300.00

63.  Total of all property on Schedule A/B. Add line 55 + line 62                      |  $819,979.00

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1851 E. First Street, Suite 1550, Santa Ana, CA  92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 05/11/18     , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Nancy K Curry (TR)**     TrusteeECFMail@gmail.com
**Rafael R Garcia-Salgado**     rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
**Scott Kosner**     tyson@tysonfirm.com
**Richard J Reynolds**     rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
**Valerie Smith**     claims@recoverycorp.com
**United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* 05/11/18     , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Debtor:** Ginette Damusca**,** 3512 Floresta Ave, Los Angeles, CA 90043
**Judge:** Honorable Vincent P. Zurzolo, United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/11/18 | Johnnelle Gomez | /s/ Johnnelle Gomez |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkFlow.com